Case number 13-2432, Ebenezer v. Lowell Phillips, oral argument. I'm sure you can see it from the other side. Good morning, your honors. May it please the court, Karen Daly on behalf of Lowell Phillips. I'd like to reserve three minutes for rebuttal. Alright. As you know, this case arises out of the shooting death of Mr. Latits by defendant Officer Phillips. This is an interesting case procedurally because originally the complaint that was filed was a state court claim. It was filed in June of 2010, alleging assault and battery and gross negligence. Officer Phillips filed a motion for summary disposition. It was denied. It went up to the Michigan Court of Appeals. The Michigan Court of Appeals reversed. In doing so, they specifically determined that Officer Phillips was entitled to governmental immunity because he was acting in good faith during the shooting. They also determined that he used deadly force in order to ensure his safety and the safety of others. And I think that's probably the most important determination here. They also determined that he didn't act recklessly in shooting Mr. Latits. They remanded with instructions to the trial court to dismiss the case and enter summary disposition in favor of the defendant. Now what the court did was originally, there's some confusion as to why the original order was entered. It was entered on September 13th. On September 14th, she held a hearing on a motion to amend the complaint. After that is when she entered the second order that basically said, I'm dismissing the state law claims, but I'm going to allow an amendment of the complaint. I think this is really interesting here because if she would have just dismissed the complaint like she was supposed to do based on the court of appeals direction, then we wouldn't be here. Because if he would have refiled in federal court alleging a Fourth Amendment claim, race judicata would have barred it. Because Michigan has adopted a broad application of race judicata and if you could have brought the claim before, then you're barred from bringing it in federal court. There's absolutely no reason he couldn't have brought the Fourth Amendment claim back in 2010 when he originally filed this motion. So it would have been barred. But instead, the trial court is basically allowing a second bite at the apple here. My understanding is that that was a submitted order by you that got entered in error. Correct. How can you argue that because you submitted an order that was entered in error and the court then said, that was entered in error, I'm holding a hearing, here's what I'm deciding. My understanding is that there was even a point at which Officer Phillips had agreed to stipulate and set aside that order. That order's not at issue. My point is that what's interesting about the application of collateral estoppel in law of the case here is if she would have just dismissed it and not allowed the plaintiff to amend, then race judicata would have barred it. That's not what we have. She made a decision that that was not appropriate. So what she could have done and what was done erroneously is not at issue here. The question is what was done. Right. And what was done is she allowed the plaintiff to amend the complaint. She allowed a second bite at the apple. She didn't like what the court of appeals said. She didn't like the fact that she was reversed, so she let the plaintiff amend the complaint. You know, that's not really helpful. My point is that that is why. . . You understand my point. I do. Very well. But I think that that's an issue here because procedurally, to allow a trial court to avoid the application of race judicata by merely allowing them to amend the complaint is concerning. To address how it could even be race judicata when what you have is a decision by the Michigan Court of Appeals regarding a subjective component of good faith, as opposed to what is before this court, which is a Fourth Amendment objective reasonableness standard. Correct. And I wanted to be clear. We are not arguing that they decided the Fourth Amendment objective reasonableness. Our position is that based on the legal conclusions made by the court of appeals, there is no way the plaintiff could establish a Fourth Amendment claim here. For example, the court of appeals found specifically that Officer Phillips fired his weapon to ensure his safety and the safety of others. In the case before us, whose facts do we look to? We look to the plaintiff's facts. Exactly. So what does it matter what the Michigan Court of Appeals found on a subjective component on their assessment of the facts when what we have to look to in a qualified immunity case is what has the plaintiff pled and whether your client accepts that for the purpose of determining the qualified immunity case. Because the collateral estoppel and law of the case arguments affect whether qualified immunity applies here. But you've conceded that you do not have an applicable judgment that even leads you into collateral estoppel land. No, we have not conceded that. This court has held that a court's opinion is that's the employee's own federal credit union versus city of defiance. This court held that a state court's opinion is a sufficient final judgment for purposes of collateral estoppel. And what is the final judgment? The court of appeals opinion. The court of appeals opinion on Michigan State good faith qualified immunity is a barring judgment to a Fourth Amendment objective reasonableness claim? Based on these facts, yes. The court found that he acted in defense of himself and others. That is a justification to use deadly force under federal law. So our point is that if it goes forward to a Fourth Amendment claim, even though it's a different test, based on that legal conclusion, he cannot establish a Fourth Amendment violation. He can't establish that Officer Phillips was not justified in using deadly force based on that legal conclusion. Isn't the legal conclusion that Officer Phillips believed subjectively that he had to take action to protect himself? That's the conclusion. You have a right, officer, under Michigan law, to believe that it's necessary for you to use force. And that good faith belief protects you in Michigan's law of immunity. How in the world would that have any impact on a question of whether in fact his actions were objectively reasonable? Because in this case, where the court found that he fired his weapon to ensure the safety of himself and others was not necessarily where the court found that he believed that he had to fire his weapon to protect himself. That is not the language of the court. The court said that based on the facts of this case, he had a right to fire the weapon because he was protecting himself and other officers. That's what the court analyzed based on the facts of this case. Just because they applied it to the good faith analysis does not mean that that gets erased in a Fourth Amendment claim. If he acted in defense of himself and others, like the court found, not that he believed he acted, but that he acted in defense of himself and others, then how can they establish a Fourth Amendment claim? Doesn't the United States Supreme Court say in Graham v. Conner that the objective reasonableness of an officer's conduct under the Fourth Amendment is decided without regard to the officer's underlying intent or the officer's motivation? It is. But that's why I'm distinguishing, or I'm trying to distinguish this, is that the court didn't say he believed he was acting in defense of himself. The court said he was acting in defense of himself. Based on the facts of the case, he was acting in defense of himself and others. They said because of that, then they can't show malice. So in return, he acted in good faith. Under the Fourth Amendment, when the court looks at the Fourth Amendment, was he acting? In fact, in their complaint, they say he was not acting in defense of himself or others. The Michigan Court of Appeals already determined he was. Based on these facts, he was acting in defense of himself and others. You know, qualified immunity, the basis for qualified immunity under Hunter v. Bryant says it gives ample room for mistaken judgments by protecting all but the plainly incompetent or those who knowingly violate the law. If he acted... We don't have any cases under the Fourth Amendment that says the Fourth Amendment court is bound by a determination of a state court under a different standard and in a different question in making its objective reasonableness determination. Well... Any cases? They're bound by the legal conclusions of the state court. Do you have any cases that say that? That says that... That says that a court sitting in federal jurisdiction determining qualified immunity pursuant to a 1983 claim is bound by the decision of a state court regarding a state court law of state court immunity. No, I don't. But the point here is that it's bound by legal conclusions. I'm not getting specific to the good faith. This court has recognized, Judge Clay wrote the opinion in Mallory v. Whiting, that good faith under state law, although not identical, is specifically related to the analysis of whether an officer's actions were objectively reasonable in evaluating an excessive force claim. That's what we're arguing here. Whether Officer Phillips' actions were objectively reasonable under the Fourth Amendment, it follows the state court's inquiry into whether he acted in good faith and whether he acted recklessly. With regard to all the other issues, I'll just rely on the arguments in my brief. I don't have anything to add. I just wanted to briefly draw the court's attention to the recent Supreme Court case of Plumhoff v. Ricard. The underlying facts in that case are almost identical here as to the facts here. There, the decedent led the police on a high-speed chase. He spun out in a parking lot. The officer fired three shots into the car when he attempted to move his car. As he tried to speed away, they fired 12 more shots. In that case, not only did the Supreme Court find that they did not violate the Fourth Amendment, but that even if they had, they were still entitled to qualified immunity because the unconstitutionality of using lethal force to end a high-speed chase was not clearly established. Based upon that ruling alone, there's no way that the plaintiff could succeed in establishing that defendant's conduct violated clearly established law. I see my time's up. Thank you. Good morning, Your Honors. May it please the Court, Kevin Ernst appearing on behalf of the plaintiff. Your Honors, as a preliminary matter, plaintiff submits that the Court does not have jurisdiction of this matter on appeal. The collateral order appeal doctrine is a limited doctrine in the qualified immunity analysis. When a defendant raises qualified immunity before the trial court and loses, it can seek interlocutory review of the trial court's decision, but it has to concede the facts in the light most favorable to plaintiff, and in the judgment on the pleadings standard, it has to concede the well-pled allegations in the complaint. In this case, the defendant hasn't even mentioned our complaint. They never once concede the facts that are pled in our complaint. In fact, their entire argument is based on a summary of facts, and what I will explain in a minute are basically orbited dictum statements in the state appellate court decision. That's their basis of facts. That's their basis of appeal. They don't concede our facts at all, never once. They don't even pay lip service to the idea that we'll concede the facts as pled by plaintiff, but they still don't win on the facts here. So as a preliminary matter, this court lacks jurisdiction, and in fact, the defendant admits in their reply brief at page 3, they basically said, you're right, we're not conceding the facts. We're relying on the state appellate court decision. They argue that the state appellate court decision is somehow preclusive of our complaint. It precludes us from stating a claim under the Fourth Amendment, but in the only state court opinion, in the only state court order which ever decided whether the state appellate court opinion precluded us from filing a Fourth Amendment claim, which was the trial court's decision on our motion to amend the complaint, the trial court stated that we were not precluded from pleading a Fourth Amendment claim, from stating a Fourth Amendment claim by the Michigan appellate court decision. And in fact, the defendant raised the precise argument that they're raising here and that they raised in the district court in front of the state trial court that the appellate court opinion from the state court precluded us from amending our complaint and pleading a Fourth Amendment claim. And the state trial court rejected that argument and that's the only state court opinion that ever even brushed on the issue. The issue decided by the state court appellate decision is precisely whether the defendant acted in subjective good faith. Based on Michigan's interlocutory appeal doctrine, the defendant could only appeal the issue of state law immunity when the trial court denied his motion for summary judgment on our state law assault and battery claims. The only issue that the state appellate court had jurisdiction on was whether there was state law immunity. And under the Ross test, which governs the state law immunity analysis, the court stated that the test is whether the officer acted in subjective good faith. I have a brief quote here from it, and it's at ID 66. And here's the quote that the lattice court citing Ross provided. The question is, they were citing Ross and it said, the mere existence of probable cause, however, is not the proper inquiry. A police officer would be entitled to immunity under Ross if he acted in good faith and honestly believed he had probable cause to arrest, even if he later learned that he was mistaken. Then the court continues. The good faith element of the Ross test is subjective in nature. It protects the defendant's honest belief and good faith conduct with a cloak of immunity. That is the issue before the state court. The state court decides whether under this subjective test from the perspective of an officer, not a reasonable officer, but a subjective test from this officer's perspective, whether he acted in good faith immunity. That is the only ultimate fact that the state appellate court decision decided. That was the only fact they had jurisdiction to decide, the only issue they had jurisdiction to decide, and thus the only fact and ultimate fact they did decide. Everything else in that state court opinion is dicta. Any suggestion that they found, as my colleague said, that Mr. Phillips was actually protecting others when he shot, that's dicta. That's not exactly what they said. If you read it in context, they said he had a good faith belief he was doing that. But even assuming that they did say that, it doesn't matter. That wasn't central to their holding. Their holding is whether he acted in good faith. And all these preclusion arguments that the defendant makes are completely inapplicable because the only state court decision on whether we can still state a claim, despite the court of appeals opinion, says that we do have a right to state a Fourth Amendment claim. We can plead a Fourth Amendment claim. So there's no final decision that has any preclusive effect here. And the idea that the state court summary of facts is the universe of our world of facts here, that we can't dispute anything that's in the state court decision, is simply not supported by anywhere in the law, by any case or any statute or anything. And the issue is beyond that because what the defendant is essentially saying is that that state court opinion supplants our complaint for purposes of a 12C motion and that even for the purposes of a foresight appeal, before this court, those are the facts that the court has to use. They have to completely disregard our facts. That is contrary to every decision about the court's jurisdiction on this interlocutory appeal. The court has to accept our facts, especially at the pleading stage. The court has to look to our facts as pled. And they never once even remotely rely on those facts. And this court lacks jurisdiction. And I submit that this appeal is completely baseless when you consider the collateral, the preclusion arguments because there is no final order and to the extent there is, it says we can do this from the state courts. There is no final order from the state court except the one that says we can state a Fourth Amendment claim. What are the material facts that you allege that the officer denies? Well, in fact, it's hard to determine because they're just relying on this court of appeals opinion. And if I may just mention briefly the claim that this case is similar to the recent Supreme Court case of Plumhoff. In that case, there was a 100-mile-an-hour chase that lasted for over five minutes, so it's presumably nine or ten miles long, where over two dozen motorists were put at risk. And it resulted, the officer shot the man when he was still trying to force a patrol car forward and he had his car butted up against the car with his foot with the accelerator pegged. In this case, that was like the typical Hollywood-style chase. And the Supreme Court has often said that that gives rise to a right to use deadly force because of all the danger to which the other motorists are subjected. That's not even close to the case here and it's not close to the facts as we played in our complaint, which is it's basically a low-speed chase. It's not through a residential area. It lasts a very short period of time. There's no indication that this person's dangerous. He's being pulled over for a traffic stop and it's completely inappropriate to this case. It does nothing to the qualified immunity analysis in the case here. And in this case, the facts as we plead them provide a basis for a Fourth Amendment claim and a basis that the officer should have reasonably known that his conduct was illegal or unconstitutional. And the fact that the defendant will not even concede any of our facts in the complaint shows that the court doesn't have jurisdiction and shows, I submit, the baseless nature of this appeal. Well, I mean, it's fundamental that you can't appeal a qualified immunity denial unless you accept the plaintiff's allegations as the facts, right? That's correct. So how serious is your motion for sanctions as to this being a baseless appeal? Well, since they haven't conceded a single fact, I think that it's a substantial motion. And when they admit they're not and when they're basically flagrant about it, I think that if any case calls for it, this is the type of case that does. When did you file your first complaint? I'm sorry? When did you file your first complaint? It was 2010, I think August, perhaps, August 2010. You've already gone on for four years? Four years. And every time there's an interlocutory appeal on qualified immunity, you lose another year or two? Yeah, another year and a half. And as I indicated in my response to the summary judgment motion in the trial court, I basically pleaded with the trial court to decide this on Rule 56, especially since they raised some additional issues because we're going to be back on another Forsyth appeal after they file their Rule 56 motions. So I think that the delay might be a component in the reason that we're here today. Thank you, Your Honor. Just briefly, I want to make clear that with regard to Plumhoff, we're not arguing it as to the facts alleged by the plaintiff. We're arguing it as to the facts as found and the legal conclusions as found by the Michigan Court of Appeals. Plumhoff will be raised again. If this case is remanded, it will be raised again in the district court. As far as jurisdiction goes, I think the Galeno case does a really good job of talking about why the court would have jurisdiction to hear this even though we're not referring to the facts in the plaintiff's complaint. In that case, the defendant moved for summary judgment on grounds of qualified immunity and collateral estoppel, specifically that a state court ruling collaterally stopped the plaintiff from litigating probable cause in federal court. Just like here, the district court there denied the motion, held collateral estoppel was inappropriate, and that there were issues of fact with respect to qualified immunity. On appeal, the Second Circuit addressed both the collateral estoppel issue and the qualified immunity issue. They held that they had jurisdiction to consider both issues because by rejecting the collateral estoppel argument, that was a purely legal ruling that specifically affected whether qualified immunity is available as a matter of law. Then the jurisdiction that arises is whether interlocked or intertwined legal issues can also be decided, which would give us the authority to make a decision on your collateral estoppel claim and also give us the authority to deny jurisdiction to pursue the qualified immunity claim, correct? Correct. Would you address the sanctions request? Well, first of all, it's not proper. Under the court rules, in order to ask for sanctions, it has to be a separately filed motion. In this case, it was not a separately filed motion. There's case law that says that it shouldn't be addressed by this court unless it is a separately filed motion. If the plaintiff files a separately filed motion, then we'll address the sanctions arguments in that. Well, the court could act pursuant to its inherent authority. Are you able to address it now? I'm not. I mean, we wouldn't have brought the appeal if we didn't think there was an issue here. You concede the facts that the plaintiff alleges in the complaint for purposes of this determination? No, we don't. We lack jurisdiction. You don't. Under the Galeno case, you do not lack jurisdiction. The Galeno case was exactly the same thing. They did not... They absolutely disputed the facts as alleged by the plaintiff, but it's the same things here. We're saying that if the Michigan Court of Appeals legal determinations applies in federal court, then they can't dispute those facts. Then their facts are not supported by anything. They can't... I'm afraid you're out of time. Okay. Thank you, Your Honor. Thank you, and the case is submitted.